UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYNELL JAMES ROBINSON,

       Plaintiff,                    CIVIL ACTION NO. 12-12792

                                      DISTRICT JUDGE NANCY G. EDMUNDS

      v.                         MAGISTRATE JUDGE MARK A. RANDON

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION ON
CROSS MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Raynell James Robinson challenges the Commissioner of Social Security's final denial of his benefits application. Cross motions for summary judgment are pending (Dkts. 12, 15). Judge Nancy G. Edmunds referred the motions to this Magistrate Judge for a Report and Recommendation (Dkt. 4)

**I.    RECOMMENDATION**

Because the ALJ's decision is supported by substantial evidence, this Magistrate Judge **RECOMMENDS** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's motion for summary judgment be **GRANTED**, and the Commissioner's findings be **AFFIRMED**.

**II.    REPORT**

    *A.    Administrative Proceedings*

Plaintiff applied for disability and disability insurance benefits, as well as supplemental security income, on March 23, 2010, alleging a disability onset date of January 1, 2007 (Tr. 13).

The Commissioner initially denied Plaintiff's application (Tr. 13). Plaintiff subsequently appeared with counsel for a hearing before Administrative Law Judge ("ALJ") Melvyn B. Kalt, who considered the case *de novo*.[1] In a written decision, the ALJ found that Plaintiff was not disabled (Tr. 13-21). Plaintiff requested an Appeals Council review (Tr. 8). On May 2, 2012, the ALJ's decision became the Commissioner's final decision when the Appeals Council declined further review (Tr. 1-3).

### B. *ALJ Findings*

Plaintiff was 37 years old on his alleged disability onset date. He has a high school education. Plaintiff previously worked as a roofer, tire repairman and cleaner (Tr. 19, 28). The ALJ applied the five-step disability analysis to Plaintiff's claim and found at step one that he had not engaged in substantial gainful activity (Tr. 15).

At step two, the ALJ found Plaintiff had the following "severe" impairment: bilateral sensorineural hearing loss (Tr. 16).

At step three, the ALJ found no evidence that Plaintiff had an impairment or combination of impairments that met or medically equaled one of the listed impairments in the regulations (Tr. 16).

Between steps three and four, the ALJ found Plaintiff had the Residual Functional Capacity ("RFC") to perform:

> light work . . . with the following additional limitations: very simple unskilled work which accommodates [Plaintiff's] hearing and speech problems; no requirement for writing; no contact with the public; and a sit/stand option.

(Tr. 16).

At step four, the ALJ found Plaintiff could not perform his past relevant work (Tr. 19).

---

[1] Plaintiff is no longer represented by counsel.

At step five, the ALJ denied Plaintiff benefits, finding Plaintiff could perform a significant number of jobs available in the national economy, such as assembler (1,500 jobs available in Southeast Michigan) and packager (2,000 jobs available in Southeast Michigan) (Tr. 20).

### C.     *Administrative Record*

#### 1.     **Plaintiff's Hearing Testimony and Statements**

Plaintiff testified that he had special education classes in school; he stutters, has trouble understanding, speech problems, trouble hearing, ringing in his ears two or three times a week, pain in his left knee, pain in his lower back, pressure in his head and pain in his naval (Tr. 29-32, 36). Plaintiff's hearing aids help "a little" (Tr. 31). It is painful for Plaintiff to lift a gallon of milk, but he can cook, clean and drive (Tr. 34, 37).

#### 2.     **Vocational Expert**

The ALJ asked a vocational expert ("VE") to assume a hypothetical individual who can perform light work of a very simple, unskilled nature that only requires communication with coworkers in emergencies, no interaction with members of the general public and no writing requirement (Tr. 41). The VE testified that such an individual could perform light, unskilled work as a small products assembler (1,500 jobs in Southeast Michigan) and packager (2,000 jobs in Southeast Michigan) (Tr. 41).

If the ALJ found Plaintiff's testimony fully credible, in order to perform the identified jobs, the hypothetical individual would need the option to sit and stand at will (Tr. 40-42).

The hypothetical individual would be precluded from work, if he was off task more than 20 percent of the time (Tr. 42).

-3-

> D.     *Plaintiff's Claims of Error*

Plaintiff's *pro se* motion for summary judgment says it is hard for him to keep a job because he loses strength, has chest pain, is a slow learner, has a hearing problem, speech problem and trouble with his right leg.

## III.    DISCUSSION

> A.     *Framework for Disability Determinations*

Under the Social Security Act, (the "Act") Disability Insurance Benefits and Supplemental Security Income are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability," in relevant part, as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*See* 20 C.F.R. §§ 404.1520, 416.920; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps . . . . If the analysis reaches the fifth step without a finding that the claimant is disabled, the burden transfers to the [Commissioner]." *Preslar v. Sec'y of HHS*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B.  *Standard of Review*

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited such that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647 (6th Cir. 2009) ("[I]f an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses" (internal quotation marks omitted)). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted); *see also Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted) (explaining that if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion"); *Mullen v. Bowen*, 800 F.2d 535,

545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts" (internal quotation marks omitted)).

When reviewing the Commissioner's factual findings for substantial evidence, this Court is limited to an examination of the record and must consider that record as a whole. *See Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of HHS*, 974 F.2d 680, 683 (6th Cir. 1992). The Court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston*, 245 F.3d at 535. There is no requirement, however, that either the ALJ or this Court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party" (internal quotation marks omitted)). Further, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant").

  *C.*  *Analysis*

At step two, the ALJ found that Plaintiff's hearing loss was a "severe" impairment (Tr. 16). The ALJ acknowledged that Plaintiff complained of back and leg pain as well as a learning disability, but found there was insubstantial medical evidence to corroborate these claims (Tr. 16).

"A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [Plaintiff's] statement of symptoms." 20 C.F.R. § 404.1508. There is no medical evidence concerning Plaintiff's learning disability.

Indeed, Placement Administrator Deborah Louis-Ake verified that Plaintiff never received special education services from Detroit Public Schools (Tr. 168). There is also no medical evidence concerning Plaintiff's back, chest or leg pain. However, the ALJ's RFC determination included the option for Plaintiff to sit and stand at will and limited Plaintiff to "very simple unskilled work" with no writing (Tr. 16).

With regard to Plaintiff's speech problem, Dr. Frederick L. Lopatin stated that communication is almost impossible for Plaintiff, and he has some speech impediment consistent with being hearing impaired (Tr. 172). Dr. Edwin M. Monsell indicated that Plaintiff has mild stuttering with slightly impaired articulation consistent with hearing loss (Tr. 222). The ALJ's RFC determination limited Plaintiff to very simple unskilled work to "accommodate[] [Plaintiff's] . . . speech problems" and found Plaintiff could not have any contact with the public (Tr. 16).

Substantial evidence supports the ALJ's finding that Plaintiff was not disabled and this conclusion should not be disturbed on appeal.

## IV.   CONCLUSION

Based on the foregoing, this Magistrate Judge **RECOMMENDS** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's motion for summary judgment be **GRANTED**, and the Commissioner's findings be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*,

638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon  
Mark A. Randon  
United States Magistrate Judge

Dated: January 29, 2013

### Certificate of Service

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, January 29, 2013, by electronic and/or ordinary mail.*

*s/Eddrey O. Butts*  
*(Substitute)*  
*Case Manager*

-8-